PATRICK J. CARNEY, Respondent, *v.* HERMAN F. SCHELLING, Appellant.

First Department, January 29, 1932.

334

*Neil P. Cullom* of counsel [*Henry W. Steingarten* with him on the brief; *Neil P. Cullom*, attorney], for the appellant.

*John W. Hannon* of counsel [*Jerome T. Nolan* with him on the brief; *Delehanty, Hannon & Evans*, attorneys], for the respondent.

TOWNLEY, J. Plaintiff sued to recover damages for malicious prosecution by the defendant. Plaintiff was indicted for grand larceny mainly on the testimony of the defendant as to a real estate transaction which he had had with the plaintiff. Before the matter was submitted to a grand jury, defendant had called upon the district attorney in New York county, had stated his version of the transaction involved, and had submitted certain additional proof. The assistant district attorney in charge considered this proof and determined that there was sufficient evidence to justify the submission of the matter to the grand jury. Thereafter, defendant was subpœnaed and appeared as a witness before the grand jury which returned an indictment. On the trial in the Court of General Sessions a verdict of acquittal was directed.

The defendant on the trial of this malicious prosecution action testified that he had told the whole truth to the grand jury and had concealed nothing. At the conclusion of the main charge in this action, counsel for the defendant requested the court to charge " that on the facts of this case, the jury must return a verdict for the defendant unless they find that the defendant either testified falsely before the grand jury or withheld or suppressed facts." This request was " Refused, other than already charged with regard to the question of probable cause. Did the defendant have probable, reasonable cause for what he did? "

The refusal to charge substantially as requested by defendant's counsel was erroneous. The Court of Appeals in *Hopkinson* v. *Lehigh Valley R. R. Co.* (249 N. Y. 296) said that where a defendant appears before a grand jury and the grand jury indicts after investi-

gation, defendant has made out a *prima facie* defense and that " The plaintiff in his malicious prosecution case must, therefore, meet this [defendant's] *prima facie* evidence of probable cause by showing that the defendant did not make a full and complete statement of the facts either to the magistrate or to the district attorney; has misrepresented or falsified the evidence, or else has kept back information or facts which might have affected the result."

The indictment established *prima facie* the existence of probable cause. The burden was then on the plaintiff to establish that the defendant had testified falsely before the grand jury or that he withheld or suppressed facts. The denial of the charge requested withdrew from the jury a consideration of the determining factor in the case: the question of whether or not the defendant had misrepresented or concealed material facts before the grand jury. The failure to charge as requested constituted reversible error.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

FINCH, P. J., MERRELL, O'MALLEY and SHERMAN, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.